**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ELHADJ ALPHA MAHMOUD SOUARE, ) | CASE NO. 5:25 CV 1209 |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| SUMMIT COUNTY, ) | AND ORDER |
| Defendant. ) | |

*Pro se* Plaintiff Elhadj Alpha Mahmoud Souare filed this action under 42 U.S.C. § 1983 against Summit County, Ohio to contest the actions of the Summit County Child Support Enforcement Agency ("CSEA") to suspend his driver's license for nonpayment of child support. He claims CSEA did not provide him with advanced notice of their intent to seek suspension of his license and did not provide an opportunity for him to contest the penalty. He also alleges that CSEA failed to exhaust less restrictive means to enforce the child support obligation. He states, without explanation, that Summit County is liable for "unconstitutional policies, practices or customs under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)." (Doc. No. 1 at PageID #: 2). He seeks monetary damages.

**I.      Background**

Plaintiff's Complaint contains very few factual allegations and is composed largely of conclusory statements. He contends that Summit County, acting through CSEA, suspended his driver's license on December 10, 2024 based solely on non-payment of child support. He claims

he did not receive advanced notice of the suspension and was not given the opportunity to pay the arrearage to avoid the suspension. He claims that this is a denial of due process. He also contends that CSEA did not choose the least restrictive means of obtaining payment of the arrearage, suggesting instead that a garnishment would be more useful to achieve that goal. He contends the penalty is excessive in violation of the Eighth Amendment and that he was denied a jury trial in violation of the Seventh Amendment. He states that his race was a motivating factor in the enforcement of policies and states without explanation that black obligors are treated differently in violation of the Equal Protection Clause. He also claims that CSEA retaliated against him for filing a public records request. He states that "the unconstitutional actions were undertaken pursuant to the official policy, custom, or practice of Summit County and CSEA." (Doc. No. 1 at PageID #: 3).

The Defendant filed a Motion for Judgment on the Pleadings pursuant to Federal Civil Procedure Rule 12(c). (Doc. No. 7). They assert that Summit County cannot be held liable for the actions of CSEA Employees under a theory of *respondeat superior* and Plaintiff failed to plead sufficient facts to establish a specific policy of Summit County that would support liability.

## II. Standard of Review

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Judgment may be granted under Rule 12(c) where the moving parties clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *Beal v. Missouri Pacific R.R.*, 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577 (1941). A Motion for Judgment on the Pleadings under Rule 12(c) is subject to the same standard of review as a Rule 12(b)(6) Motion. *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d

692, 697 (6th Cir. 2005). Accordingly, in reviewing a Motion for Judgment on the Pleadings under Rule 12(c), the Court must construe the Complaint in a light most favorable to the Plaintiff, accept all well-pled factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin–Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). To survive a Motion for Judgment on the Pleadings, the "Complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id*. (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require 'detailed factual allegations.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The factual allegations in the pleading, however, must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*., 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

### III. Analysis

Plaintiff's Complaint is composed largely of legal conclusion and is devoid of factual allegations to explain or support his statements. Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers,

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure up unpled allegations. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest.

In this case, Plaintiff is attempting to hold Summit County liable for the actions of individuals at the Summit County CSEA by simply stating that Summit County is liable for "unconstitutional policies, practices or customs." (Doc. No. 1 at PageID #: 2). This is not sufficient to state a claim for relief against Summit County.

Section 1983 does not permit a Plaintiff to sue a local government entity on the theory of respondeat superior. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692- 94 (1978). A Plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id*. A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id*. A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). A "custom" for purposes of *Monell* liability must "be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. It must reflect a course of action deliberately chosen from among various alternatives. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985). In short, a "custom" is a legal institution not memorialized by written law. *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993).

A city's custom or policy can be unconstitutional in two ways: 1) facially unconstitutional as written or articulated, or 2) facially constitutional but consistently implemented to result in constitutional violations with explicit or implicit ratification by city policymakers. *Monell*, 436 U.S. at 692- 94.  Where the identified policy is itself facially lawful, the Plaintiff must demonstrate that the municipal action was taken with deliberate indifference as to its known or obvious consequences.  A showing of simple or even heightened negligence will not suffice. *Bd. of County Comm''s v. Brown*, 520 U.S. 397, 407 (1997).  In other words, the risk of a constitutional violation arising as a result of the inadequacies in the municipal policy must be "plainly obvious." *Id*. at 412; *see also Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997).  To state a claim for relief against a municipality under § 1983, Plaintiff must: (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Plaintiff does not identify a particular policy or custom of Summit County.  All of his statements pertain to CSEA.  He cannot hold Summit County liable for the actions of CSEA personnel.

### IV. Conclusion

Accordingly, Defendant's Motion for Judgment on the Pleadings (Doc. No. 7) is granted, and this action is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DATE: August 11, 2025          */s/ John R. Adams*
                                                         JOHN R. ADAMS
                                                         UNITED STATES DISTRICT JUDGE